United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 05-30543

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MARKHAM JOSEPH GUIDRY, SR,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The government appeals Markham Guidry's ("Guidry") sentence for multiple crack cocaine

offenses, in violation of 8 U.S.C. §§ 841(a)(1) and 853. The government argues that the sentence,

which was almost fifty percent lower than the Guideline minimum, is unreasonable because the district

court failed to properly consider factors contained in 18 U.S.C. § 3553(a) and instead focused on

other, impermissible factors.

I

Pursuant to a plea agreement, Guidry pleaded guilty to multiple counts of possession and distribution of cocaine and cocaine base and one count of criminal forfeiture. In its Pre-Sentence Report ("PSR"), the probation officer recommended a base offense level of 28 and a Category I criminal history, which yielded a Guideline range of 78-97 months. The government objected to the PSR, arguing that Guidry was responsible for far more cocaine than the PSR suggested. The government's calculations set Guidry's base offense level at 40 and his Guideline range at 292-365 months.

At the sentencing hearing, the district court heard testimony from two witnesses, Harold Savoy ("Savoy") and Alan West ("West"), that they had each purchased large quantities of cocaine from Guidry. After receiving this testimony, the district court suspended the sentencing hearing to address a motion by the government for a determination of whether Guidry's counsel had a conflict of interest.[1] Pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), the district court held a hearing, determined that a conflict of interest did exist, and granted Guidry time to find a new attorney.

After Guidry had secured a new attorney, the district court resumed the sentencing hearing. Based on the testimony of Savoy and West, the district court found that Guidry's base offense level was 38 and that his Guideline range was therefore 235-293 months. The district court then went on to explain that it would not be giving a Guideline sentence in light of the circumstances of the case and the factors identified in 18 U.S.C. § 3553(a). In particular, the district court found that Guidry

---

[1] Guidry's counsel had previously represented a third government witness on whose testimony the district court did not ultimately rely. The government was concerned that Guidry's counsel should not cross-examine this witness because of their past relationship.

was not a "full-time full-fledged drug dealer" and that he was supporting his family. As an additional reason for giving a non-Guideline sentence, the district court also stated that there was some question about whether, before Guidry pleaded guilty, his original counsel adequately explained to him that he might be held responsible for dealing with substantially more cocaine than was charged in the indictment.[2] The district court then imposed a sentence of 120 months.

II

We review the district court's factual findings in connection with sentencing for clear error and the application of the Guidelines *de novo*. *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). The ultimate sentence is reviewed for unreasonableness, an inquiry guided by the factors identified in 18 U.S.C. § 3553(a). *Id.* Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for-
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement –
>> (A) issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing

---

[2] We note that, at the plea colloquy, the district court questioned Guidry as to whether he understood that he could be sentenced in light of his relevant conduct and that Guidry stated that he did.

factors where it: (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 707.[3] When the district court imposes a non-Guideline sentence, it "must more thoroughly articulate its reasons" for doing so, and the greater the difference between the sentence and the Guideline range, "the more compelling the justification based on factors in section 3553(a) must be." *Id.* (internal quotation omitted).

In this case, the district court stated that it would consider the need for the sentence to reflect the seriousness of the offense and Guidry's history, to provide just punishment, to deter criminal behavior, to protect the public from further crimes by Guidry, and to promote respect for the law. It concluded that these factors all "to some degree argue in mitigation of punishment." The district court then reviewed Guidry's criminal record, noting both that it was not very extensive and that several items in his history, including convictions for failure to carry liability insurance and contempt based on a failure to pay, suggested that he had little money. The district court also stated that Guidry was "gainfully employed" as a carpenter. Together, these facts led the district court to the conclusion that Guidry was probably not a "full-time full-fledged drug dealer" and that he was probably "not as largely involved as perhaps the evidence might otherwise suggest." Implicitly, the district court reasoned that the fact that Guidry was not a major drug dealer impacted each of the above-mentioned factors in a manner that weighed in favor of a sentence below Guidry's Guideline range.

This reasoning reflects multiple clearly erroneous factual determinations. First, when

---

[3] A "non-Guideline sentence" is one that falls outside of the properly calculated Guideline range. *Smith*, 440 F.3d at 707.

reviewing Guidry's criminal history, the district court noted that he had a prior battery conviction but mistakenly stated that this conviction resulted from an altercation he had with the arresting officer. While Guidry did assault his arresting officer, the victim of the battery listed in the PSR was Guidry's girlfriend, and the event was apparently unrelated to the instant offense. Second, when assessing the need to protect the public from further crimes by Guidry, the district court focused on what it considered Guidry's scant criminal history, but it failed to acknowledge that Guidry has a history of recidivism in that he was on state parole for a drug conviction at the time of many of the events charged in the indictment. Third, and perhaps most importantly, the district court's finding that Guidry was not a "full-time full-fledged drug dealer"[4] is belied by the events recounted in the PSR and the testimony of Savoy and West at the sentencing hearing, which the district court specifically found credible. According to the PSR, Guidry was dealing crack cocaine as early as 1996, and Savoy and West testified that they regularly purchased drugs from Guidry for months-long periods of time. These clearly erroneous factual determinations infected the district court's balancing of the § 3553(a) factors and provide an insufficient basis for imposing a non-Guideline sentence.

The district court also noted that Guidry supported his family and stated it would take this fact into account "when determining the need to promote respect for the law and to provide just punishment for the offense." "In sentencing a defendant . . . family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. The district court is supposed to consider such policy statements by the Sentencing Commission. 18

---

[4] To support this finding, the district court repeatedly stressed that it believed an established drug dealer would carry liability insurance. Not only is this inference dubious, it is based on a false premise. Guidry's convictions for failure to carry liability insurance date from 1993 and 1994, while his established history as a drug dealer only dates back to 1996.

U.S.C. § 3553(a)(5)(A). The district court failed to acknowledge the policy statement or to give any indication that Guidry's family ties are somehow extraordinary such that the policy statement would not apply. By ignoring the policy statement, the district court failed to give significant weight to a § 3553(a) factor, further making its non-Guideline sentence unreasonable.

Finally, as an "additional reason" for going outside the Guideline range, the district court expressed doubt that Guidry "had a full and complete understanding" that he could be held accountable for relevant conduct and receive a sentence more than three times longer than he would have received had he been sentenced only for the drug quantities charged in the indictment.[5] The court explained that it did not believe that sentencing him in light of all his relevant conduct would promote respect for the law or provide a just punishment for the offense under these circumstances. Whether a defendant has received constitutionally ineffective counsel is not a relevant sentencing factor.[6] *United States v. Young*, 315 F.3d 911, 915 (8th Cir. 2003) ("Unlike the nature of the offense or the defendant's remorse, culpability, or level of participation, the fact that a defendant received ineffective assistance of counsel does not speak to the nature and circumstances of the offense and the history and characteristics of the defendant, the factors a court must consider when imposing a sentence." (internal citation and quotation omitted)). *A fortiori*, constitutionally adequate but less than perfect counsel is also not a factor that may justify a non-Guideline sentence.

---

[5] The district court's speculation that perhaps Guidry's attorney explained relevant conduct to his other client but failed to explain it to Guidry is wholly unsupported by the record, especially in light of the fact that the district court specifically asked Guidry at the plea colloquy if he understood how his relevant conduct could affect his sentence.

[6] Of course, whether Guidry received constitutionally deficient counsel prior to pleading guilty is relevant to the validity of the plea itself, *see Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004), but that issue is not on appeal, and in any event the district court specifically stated that "in this Court's mind," the plea was constitutionally valid.

We also note that the district court failed to consider that the sentence it imposed, which constituted a fifty-percent reduction from the Guideline minimum, would create significant disparity between Guidry and other defendants with similar criminal histories convicted of similar criminal offenses. *See Smith*, 440 F.3d at 710 (Garza, J., concurring) ("I would hold that where the district court imposes a sentence that is more than twice the top of the applicable Guideline range, sentencing disparity is a factor that should receive significant weight."). Such failure is another reason why this sentence is unreasonable.

## III

The district court's sentence in this case is based on clearly erroneous factual determinations, puts significant weight on irrelevant factors, and ignores factors that should be given significant weight. For those reasons, we hold that the sentence is unreasonable. We VACATE the sentence and REMAND the case for resentencing.