United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41509
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRWIN JOSE BONILLA-LEMUS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-479
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Irwin Jose Bonilla-Lemus (Bonilla) pleaded guilty to being
an alien found unlawfully in the United States after having been
previously deported. At the time, Bonilla was serving a two-year
term of supervised release following a prior conviction and
prison sentence for importing a quantity of marijuana and
possessing with intent to distribute a quantity of marijuana.
The district court sentenced Bonilla to 33 months of imprisonment
and two years of supervised release. The district court also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revoked Bonilla's supervised release and imposed a three-month prison sentence, to be served concurrently with the sentence imposed for unlawful entry. Bonilla appeals, asserting that his sentence is unreasonable because this court's rulings, post United States v. Booker, 543 U.S. 220 (2005), have effectively reinstated the mandatory Guideline regime condemned in Booker.

The parties disagree concerning the standard of review that governs. We do not reach that issue because Bonilla's sentence passes muster under either standard.

Bonilla concedes that his argument is foreclosed by circuit precedent and that he wishes to preserve his arguments for further review in light of the grants of certiorari in Rita v. United States, 127 S. Ct. 551 (2006), and Claiborne v. United States, 127 S. Ct. 551 (2006). Further, the record shows that the district court fulfilled its duty to consider the relevant 18 U.S.C. § 3553 factors in addition to the Guidelines, and sentenced Bonilla to 33 months of imprisonment, the lowest end of the sentencing guidelines range. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). There is no indication that the sentence imposed is unreasonable. Id. at 519.

Bonilla also contends that district courts should be free to disagree with the Guidelines's policy choices and that the district court should have been allowed to impose a below-guidelines sentence in part because of his family responsibilities and strong ties to the United States. Bonilla

raises the argument only to preserve it for further review. As Bonilla concedes, his contention is foreclosed. See United States v. Tzep-Mejia, 461 F.3d 522, 527 (5th Cir. 2006); United States v. Guidry, 462 F.3d 373, 377 (5th Cir. 2006).

Bonilla argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 33-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Bonilla's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Bonilla properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.