[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16587
Non-Argument Calendar

_____

D. C. Docket No. 06-00077-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK SEGALLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 18, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

A jury convicted Mark Segalla of use of a computer to attempt to persuade, induce, entice, or coerce a person under 18 years of age to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and obstruction of justice, in violation of 18 U.S.C. § 1512(b)(2)(B). The district court calculated an advisory Guideline range of 78-97 months' imprisonment, and sentenced Segalla to two concurrent 120-month terms of imprisonment. Segalla raises three errors that he contends combined to render his sentence unreasonable. He argues that the district court committed an error of law by relying on his intent to commit the § 2422(b) offense and the time frame in which he talked to the undercover officer posing as a 15-year-old girl, as these were not aggravating circumstances. Segalla also argues that the district court made a factual finding in support of its sentence that was not supported by the record and failed to consider evidence he presented in mitigation. For the reasons set forth more fully below, we affirm.

We review the district court's factual findings at sentencing for clear error and the application of the law to the facts de novo. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). We review the final sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We do not, however, apply this standard to each individual decision made during the sentencing process. Id.

2

Unreasonableness may arise, regardless of the length of the sentence, "if the district court's selection of the sentence was substantially affected by its consideration of impermissible factors." United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007). We review de novo whether the district court considered an impermissible factor at sentencing, as it is a question of law. Id. at 1361-62. When reviewing such a claim, the party challenging the sentence bears the initial burden of establishing that the court considered an impermissible factor. Id. at 1361. If such an error exists, and if it was preserved for appeal, we will vacate the sentence and remand, unless the party defending the sentence establishes that the error is harmless. Id. at 1362. In this case, Segalla objected to the length of his 120-month sentence as unreasonable, specifically contending that the court should have given more weight to his otherwise good background, work history, and lack of a significant criminal record. However, he did not contend that the district court legally erred by considering his intent or the time frame of his activities. Accordingly, we review this claim for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005). Under plain error review, there must be: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.

3

Id.  In order for an error to be plain, it must be obvious or clear under current law. United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000).

One of the facts the district court considered when determining Segalla's sentence was Segalla's conversations with the undercover officer posing as a 15-year-old girl, explaining that the duration of that conduct had to be considered, and it demonstrated Segalla's intent to commit the offense in this case.  The error, if any, by the district court was not plain.  "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  When considering the 18 U.S.C. § 3553(a) factors, the court shall consider the nature and circumstances of the offense.  See 18 U.S.C. § 3553(a)(1).  We recently rejected the argument that the district court improperly relied upon conduct that had been taken into account in imposing a Guidelines enhancement, noting that the defendant "points to no authority that deems it impermissible for the district court to also have considered this conduct in imposing a variance in light of the factors set forth in § 3553(a)." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).  Also, there is no precedent from the Supreme Court or this Court holding that these factors are improper or holding that factors already accounted for by the

4

Guidelines are improper factors in a non-Guideline sentence. See Clay, 483 F.3d at 745 (addressing religion and post-offense rehabilitation); United States v. Lorenzo, 471 F.3d 1219, 1221 (11th Cir. 2006) (addressing post-sentencing behavior); United States v. Castro, 455 F.3d 1249, 1252-53 (11th Cir. 2006) (addressing early disposition programs); Williams, 456 F.3d at 1364-70 (addressing the powder and crack cocaine sentencing disparity and disagreement with the career offender enhancement).

We now turn to Segalla's remaining arguments. When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. Williams, 456 F.3d at 1360-61. The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). With respect to the final sentence, "there is a range of reasonable sentences from which the district court may choose" and the burden of establishing

5

that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we "will not substitute our judgment in weighing the relevant factors because our review is not de novo." Id. (citation, quotation marks, and alteration omitted).

The district court listed a number of facts that it considered when imposing Segalla's sentence. It stated that one fact was Segalla's admission in chats that he met underage girls he talked to on the computer and that he previously had sex with these underage girls. The parties agree that this finding is not supported by the record. However, evidence presented at trial indicates that Segalla discussed having sex with a 13-year-old girl, whom he met on a blind date. The district court discussed a number of other facts that informed its sentence and we cannot conclude that the discrepancies between the court's statement and the record evidence as to this single fact "infected the district court's balancing of the

6

§ 3553(a) factors and provides an insufficient basis for imposing a non-Guideline sentence." United States v. Guidry, 462 F.3d 373, 377 (5th Cir. 2006). Segalla also argues that there was no evidentiary support for the truthfulness of this statement, noting that what he said is not true just because he said it on the internet. However, the district court specifically referred to the fact that this was an admission by Segalla, and it was up to the district court to determine credibility.

Segalla's argument that the district court failed to consider all of the mitigating evidence relating to his history and characteristics under § 3553(a)(1) is based on the following comment by the district court in response to Segalla's objection that the court should have given more weight to his otherwise good background, work history, and lack of a significant criminal record:

> [A]ll of those background matters are interesting, certainly, that the court has reviewed, but I have to deal with what the defendant is presently, regardless of what caused him to be there or any seemingly mitigating matters in his past. He still came to this position in life and crimes. But they're noted for the record.

While this statement is somewhat vague it must be considered in context. It was made in response to Segalla's assertion that his mitigating evidence was not given enough weight. We conclude that the court was indicating that it considered this evidence, but found that it did not justify a lower sentence in light of other pertinent § 3553(a) factors.

Thus, Segalla has failed to establish that the resulting sentence was

unreasonable. Cf. Amedeo, 487 F.3d at 833 (rejecting an argument that the district court did not consider certain mitigating evidence based on the court's failure to mention the evidence and then stating, "More important, Amedeo has not persuaded us that the resulting sentence was unreasonable in light of the particularly egregious circumstances of this case and the limited mitigating value of the evidence he presented."). In addition to considering Segalla's admission regarding having sex with underage girls, the district court discussed a number of other facts it considered when imposing Segalla's sentence, all relating to the extent of Segalla's activities and his attempts to dispose of evidence of his criminal conduct. The court also discussed a number of the pertinent § 3553(a) factors and found that Segalla posed a physical danger to the community at large as he was likely to engage in similar conduct. Upon consideration of the § 3553(a) factors, the district court's reasons for imposing the sentence, and the extent of Segalla's conduct, both in terms of his activities on the computer and his attempts to destroy evidence of such activities, we cannot conclude that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

In light of the foregoing, Segalla's sentence is

**AFFIRMED.**

8