# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-11327
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FIDEL GIRON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-122-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Fidel Giron appeals his 151-month sentence following his guilty plea conviction for possessing methamphetamine with intent to distribute. Giron argues that the district court erred in holding him accountable for 3.17 kilograms of methamphetamine that his brother, Conrado Giron (Conrado), agreed to sell to an undercover officer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's calculation of the quantity of drugs attributable to Giron is a factual determination. See United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998). This court reviews the district court's factual findings for clear error. United States v. Guidry, 462 F.3d 373, 375 (5th Cir. 2006). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005). Drugs sold by those others than Giron are attributable to him if the sales were reasonably foreseeable and in furtherance of jointly undertaken criminal activity. See United States v. Schorovsky, 202 F.3d 727, 729 (5th Cir. 2000); U.S.S.G. § 1B1.3(a)(1)(B) (2006).

The factual findings in the presentence report, fully adopted by the district court, indicate that Giron and Conrado were both drug dealers, and that both lived in a house where police found firearms, a digital scale, and a cutting agent in a common area. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995) (holding that a district court may adopt the factual findings in a presentence report when they are not rebutted). Giron also failed to rebut testimony that a third drug dealer believed the brothers were in league. Under these circumstances, the district court did not clearly err in finding that the drugs in question were attributable to Giron.

Giron also contends that the district court erred by finding that $5,055 found in his bedroom was drug-related. The district court found Giron's assertion that the money came from tax returns incredible, and that drug sales were more likely than not its source. This finding is bolstered by Giron's admission that $2,171 in cash found in his vehicle was drug money, and the absence of any evidence that Giron had another legitimate source of income. Giron fails to show that the district court clearly erred. See Guidry, 462 F.3d at 375.

Finally, Giron contends that the district court erred by declining his request for an acceptance of responsibility adjustment pursuant to U.S.S.G.

§ 3E1.1 (2006). We review a district court's decision to grant or deny an acceptance of responsibility adjustment with great deference. See United States v. Sanchez-Rueda, 452 F.3d 409, 414 (5th Cir.), cert. denied, 127 S. Ct. 315 (2006). Giron's denial that he jointly engaged in drug dealing with Conrado, combined with the district court's not clearly erroneous finding that he did, justifies the district court's decision to deny the reduction. See § 3E1.1 (2006), comment (n.1(a)).

AFFIRMED.