IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2008

Charles R. Fulbruge III
Clerk

No. 06-30996
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEARLIE WARFIELD

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CR-60060-3

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case is before us on remand from the United States Supreme Court, which vacated our judgment in United States v. Warfield, 225 F. App'x 241 (5th Cir. 2007), and remanded the case for further consideration in light of the Court's decision in Gall v. United States, 128 S. Ct. 586 (2007). See Warfield v. United States, 128 S. Ct. 864 (2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the United States District Court for the Western District of Louisiana, Defendant-Appellant Pearlie Warfield ("Warfield") pleaded guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371. In connection with her sentencing, Warfield urged the district court to consider her age, health, family responsibilities, and limited role in the offense as factors warranting a sentence below the Guidelines range. The district court declined to consider those factors in imposing sentence, finding that it was bound by this court's decision in United States v. Guidry, 462 F.3d 373 (5th Cir. 2006).

In Guidry, we vacated a non-Guidelines sentence in part because the sentencing court took into account the defendant's family circumstances without giving weight to the policy statement in United States Sentencing Guidelines Manual § 5H1.6, which states that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." Guidry, 462 F.3d at 377. We found that the sentencing court erred in considering the defendant's family ties as a factor without addressing whether those family ties were "extraordinary." Id. at 377-78. The district court below interpreted our opinion in Guidry to mean that it could not consider Warfield's age, health, family conditions, or role in the offense unless it found those factors "extraordinary," noting that policy statements similar to the one at issue in Guidry exist for most or all of those factors. Because it did not find the factors extraordinary with respect to Warfield, it imposed a sentence of fifteen months.[1] However, the district court repeatedly stated that its sentence would have been different had it not been constrained by Guidry, such that it could have considered those factors. It also expressed hope that the Fifth Circuit or the Supreme Court would find either that the district court's reading of Guidry was

---

[1] The fifteen-month sentence represented a downward departure from the low-end Guidelines range of thirty months; it took into account the Government's motion for an assistance-related downward departure. See U.S. SENTENCING GUIDELINE MANUAL § 5K1.1

too broad or that the Fifth Circuit's standards as expressed in Guidry were erroneous. Warfield appealed, and this court affirmed Warfield's sentence, again relying on Guidry. Warfield, 225 F. App'x at 242. The Supreme Court granted Warfield's petition for writ of certiorari, vacated this court's judgment, and remanded the case to this court for further consideration in light of its decision in Gall. Warfield, 128 S. Ct. 864.

In their supplemental briefs, both parties agree that this case should be remanded for resentencing in light of Gall. In Gall, the Supreme Court expressly rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." 128 S. Ct. at 595. It emphasized that a district judge must make an individualized assessment based on the facts presented and the sentencing factors listed in 18 U.S.C. § 3553(a). Gall, 128 S. Ct. at 596-97. If the district court decides an outside-Guidelines sentence is warranted, it should "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 597. Thus, Gall overruled Guidry to the extent that Guidry required a court to find that certain factors were extraordinary with respect to the defendant before deviating from the Guidelines range, instead of merely making an individualized assessment in light of all of the § 3553(a) sentencing factors. Because the district court relied on Guidry, we agree with the parties that remand to the district court for resentencing in this case is appropriate. On remand, the district court should consider whether Warfield's age, health, family responsibilities, and role in the offense are factors that warrant an additional variance from the Guidelines range.

In conclusion, we VACATE the sentence of the district court and REMAND for resentencing consistent with this opinion and with Gall.

VACATED and REMANDED.