**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-30588
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARKHAM JOSEPH GUIDRY, SR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CR-60009-1

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On remand for resentencing pursuant to our opinion in *United States v. Guidry*, 462 F.3d 373 (5th Cir. 2006), Markham Joseph Guidry, Sr., was sentenced on June 9, 2008 to 235 months of imprisonment and four years of supervised release on all counts to run concurrently. The resentencing followed, and was expressly imposed by the district court in light of *Gall v. United States*, 128 S.Ct. 586 (2007). Guidry appeals his new sentence, arguing that in light of the Supreme Court decision in *Gall*, rendered after our remand, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's original April 2005 below guidelines sentence of 120 months was not an abuse of discretion and that on remand the district court erred by resentencing him within the guideline range to 235 months. He contends that we should vacate the new sentence and order that the original sentence of 120 months be imposed.

Guidry argues that our opinion in *Guidry I* focused on whether the district court had properly considered relevant factors or relied on impermissible factors under 18 U.S.C. § 3553(a). He contends that *Gall* has removed these considerations and has called into question our prior ruling. He argues that his initial sentence of 120 months was a permissible sentence, based on facts originally determined by the district court that no longer require "extraordinary circumstances" after *Gall*.

In *Gall*, 128 S. Ct. at 596–97, the Supreme Court established a bifurcated process for conducting a reasonableness review. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Pursuant to *Gall*, we must determine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." *Gall,* 128 S. Ct. at 597. If the district court's decision is procedurally sound, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.*

A post-*Booker* discretionary sentence imposed within a properly calculated guideline range is entitled to an appellate rebuttable presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United*

*States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). If the district court imposes a sentence within a properly calculated guidelines range, we "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). In such cases, "it will be rare for a reviewing court to say such a sentence is 'unreasonable,'" and "little explanation is required." *Id.*

Guidry has not challenged his new sentence procedurally by arguing any error in the calculation of the advisory guideline range or other asserted procedural error. Guidry has not attempted to rebut the appellate presumption of reasonableness of his within-guideline sentence. The original 120-month sentence is not subject to review in this appeal. The issue is whether the district court erred under *Gall* in imposing the new 235-month sentence.

The Supreme Court has expressly rejected an appellate rule that requires extraordinary circumstances to justify a sentence outside the Guidelines range. *See Gall*, 128 S. Ct. at 595; *see also United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 388 (5th Cir. 2008) ("We recognize that certain of our opinions have arguably supported the view, rejected in *Gall*, that we may, at least in certain instances, require district courts to find extraordinary circumstances before they impose sentences outside of the guidelines range."). On remand, the district court specifically articulated its awareness and application of this effect of *Gall* and expressly did take Guidry's family circumstances into account without requiring a showing that the factor was "extraordinary." The district court determined that Guidry's family circumstances did not weigh in favor of imposing a below guideline sentence because, although Guidry had created a

positive relationship with his present family, he had problems of the criminal neglect of family in the past.[1]

Guidry's within-guidelines sentence is entitled to an appellate rebuttable presumption of reasonableness. *Rita*, 127 S. Ct. at 2462; *Alonzo*, 435 F.3d at 554. Guidry has failed to rebut this presumption and has failed to show that the presumption should not apply or that the district court abused its discretion in its sentencing decision. The district court did not abuse its discretion in imposing a sentence within the advisory guideline range. *Gall*, 128 S. Ct. at 597.

AFFIRMED.

---

[1]And, the district court acknowledged a number of factual errors on its part in connection with the original sentencing which were noted in our remand opinion as being "clearly erroneous factual determinations." *Guidry*, at 376-77.

4