**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 14, 2011

Lyle W. Cayce
Clerk

No. 10-40049
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAZARO JIMENEZ-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-836-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lazaro Jimenez-Espinoza (Jimenez) appeals the 50-month sentence imposed following his guilty plea conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326. Jimenez argues that the sentence imposed is procedurally unreasonable because the district court relied on a clearly erroneous fact and because the district court inadequately explained the sentence. He also asserts that the sentence imposed is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40049

This court reviews sentencing decisions for reasonableness, applying an abuse-of-discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Appellate courts must first ensure that the district court did not commit procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Cisneros-Gutierrez*, 517 F.3d at 764. The term "procedural error" includes "failing to calculate (or improperly calculating) the Guidelines range . . . [or] selecting a sentence based on clearly erroneous facts." 552 U.S. at 51. Because we conclude that a procedural error occurred here that was not harmless, we do not reach the other issues raised.

Both sides agree that the district court correctly calculated the sentencing range under the applicable guidelines. Jimenez's range of 46-57 months was largely due to a sixteen-level enhancement for a fifteen year old transportation of illegal aliens conviction. During the short sentencing hearing, Jimenez's attorney argued for a below-guidelines sentence because of the age of that conviction and the fact that "there wasn't any evidence showing that he was making any money off of it." The district court twice stated that "it was found that he was profiting from this," despite Jimenez's attorney's contrary statements referencing the pre-sentence report (PSR). The PSR specifically states that there was insufficient evidence to indicate that Jimenez profited from the transportation offense.

Jimenez argues that the district court procedurally erred because it mistakenly believed that he profited from transporting illegal aliens. We agree that the district court's belief is clearly erroneous. The Government argues that this error was harmless because the guidelines range was correctly calculated and the profit from the prior crime was irrelevant. "A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009)(internal quotations marks and citations omitted). Where, as

2

No. 10-40049

here, the error was preserved and the Government seeks affirmance, it bears the burden of proving that the error was harmless. *Id.*

*Gall* makes clear that an improper calculation of the range and reliance on a clearly erroneous fact are separate procedural errors. 552 U.S. at 51; *see also United States v. Guidry*, 462 F.3d 373, 376-77 (5th Cir. 2006)[1](finding procedural error as a result of the district court's "multiple clearly erroneous factual determinations"). Thus the correct calculation of the range does not end the procedural error inquiry. Because the district court twice mentioned the profit issue in an otherwise very short colloquy, the Government has not shown that the error had no effect on the length of the sentence. As a result, the district court's procedural error is not harmless. *See Delgado-Martinez*, 564 F.3d at 753. Accordingly, we VACATE Jimenez's sentence and REMAND for resentencing.[2]

---

[1] The reasoning of a different section of *Guidry* was overruled by *Gall* as explained in *United States v. Warfield*, 283 Fed. App'x 234 (5th Cir. 2008)(unpublished).

[2] In light of this ruling, this court need not address Jimenez's remaining arguments. *See United States v. Akpan,* 407 F.3d 360, 377 n.62 (5th Cir. 2005).