**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2012

Lyle W. Cayce
Clerk

No. 11-40910
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAZARO JIMENEZ-ESPINOZA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-836-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following resentencing ordered by this court, Lazaro Jimenez-Espinoza challenges the new sentence of 50-months' imprisonment imposed after his guilty-plea conviction of illegal reentry after removal. He contends the within-Guidelines sentence is both procedurally and substantively unreasonable.

The sentence now contested by Jimenez was imposed on remand, after our court vacated his first sentence on grounds the district court, in imposing that first sentence, had committed procedural error by relying on a clearly erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact: namely, that Jimenez had profited from transporting illegal aliens. *United States v. Jimenez-Espinoza*, 408 F. App'x 823 (5th Cir. 2011).

For the appeal at hand, we first examine whether the district court committed any procedural errors, "such as . . . failing to adequately explain the chosen sentence". *Gall v. United States*, 552 U.S. 38, 51 (2007). If procedurally sound, we will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances". *Id.*

Jimenez maintains his sentence is procedurally unreasonable because, at resentencing in August 2011, the district court failed to adequately explain the sentence. Specifically, he contends the district court failed to explain: why it rejected his request for a sentence below the advisory Guidelines range based on a proposed amendment to Guideline § 2L1.2(b)(1)(A) (amendment became effective approximately three months later (on 1 November 2011), reducing 16-level enhancement, which Jimenez received,  to 12 levels when prior conviction too old to qualify for criminal history points); and why correction of the clearly erroneous fact, which resulted in his first sentence being vacated, did not warrant a different sentence (vacated sentence was same as the sentence at hand, *i.e.*, 50-months' imprisonment). The parties disagree on whether Jimenez' contention was adequately preserved in district court. Although Jimenez generally objected to the reasonableness of his sentence, he did not object specifically to the adequacy of the district court's reasons. Our court need not determine the appropriate standard of review, however, because Jimenez is not entitled to relief under either standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

At resentencing, the district court listened to the contentions for a sentence both below and within the advisory Guidelines range before imposing the sentence. The court stated it had sentenced Jimenez pursuant to the 18 U.S.C. § 3553(a) factors and noted that the sentence reflected Jimenez' criminal

history, the need to deter future criminal conduct, and the need to protect the public. And, as Jimenez concedes, correction of the clearly erroneous fact from the first sentencing, which resulted in his first sentence being vacated, did not prevent the district court from reimposing the same sentence on remand.

Regarding the substantive reasonableness of his sentence, Jimenez first asserts, solely for purposes of preserving the issue for possible further review, that the presumption of reasonableness afforded within-Guidelines sentences should not apply to sentences calculated under Guideline § 2L1.2 because it is flawed. In other words, he concedes that this contention is foreclosed by circuit precedent. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009). Also unavailing is Jimenez' assertion that the presumption of reasonableness should not apply to his sentence because the then-pending amendment to Guideline § 2L1.2(b)(1)(A) drastically revises the advisory Guidelines sentencing range applicable to him.

Otherwise, Jimenez contends his sentence was substantively unreasonable because the proposed (and now effective) amendment to § 2L1.2(b)(1)(A) suggests the offense underlying his § 2L1.2(b)(1)(A) enhancement is stale. In addition, Jimenez asserts the district court ignored the effect of the proposed amendment when sentencing him and, as a result, the sentence does not account for a factor that should have received significant weight. Jimenez' having preserved a substantive reasonableness challenge by objecting on that basis, review is for abuse of discretion. *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). In order to rebut the presumption, defendant must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor,

or it represents a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Jimenez cites no legal precedent supporting his assertion that the district court's disregarding the effect of the then-pending amendment rendered his sentence substantively unreasonable. Further, this court has recognized that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable". *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). The subsequent amendment of § 2L1.2(b)(1)(A) does not undermine that reasoning.

AFFIRMED.