# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10929
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERIC JAMAL GRAYS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-178-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eric Jamal Grays pleaded guilty to one count of possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c), and was sentenced below the sentencing range for the advisory Sentencing Guidelines to, *inter alia*, 90-months' imprisonment. He contests his sentence, contending the district court erred by: including drug amounts found in his roommate's bedroom as relevant conduct for the purpose of the Guideline

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

§ 2D1.1 drug-quantity calculation; and applying the Guideline § 3C1.1 enhancement for obstruction of justice.

Although, post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).

In that respect, for issues preserved in district court, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A factual determination is not clearly erroneous if it is plausible in [the] light of the record as a whole." *United States v. Zamora-Salazar*, 860 F.3d 826, 836 (5th Cir.) (internal quotations and citation omitted), *cert. denied*, 138 S. Ct. 413 (2017).

On the other hand, for issues not preserved in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Grays must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

First, in the light of the record and our case law, we are unpersuaded by Grays' contentions that the district court clearly erred in sentencing him based on the statements in the presentence investigation report (PSR) made by an unindicted coconspirator during the course of a police investigation, which

No. 18-10929

were independently corroborated and had sufficient indicia of reliability. *See United States v. Ortega-Calderon*, 814 F.3d 757, 760 (5th Cir. 2016); *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *United States v. Zuniga*, 720 F.3d 587, 591–92 (5th Cir. 2013) (facts in a PSR based on coconspirator statements are not categorically unreliable, and can have sufficient indicia of reliability if they are corroborated by other details).  Grays failed to present rebuttal evidence demonstrating the facts contained in the PSR were "materially untrue, inaccurate or unreliable"; and, therefore, the court was entitled to rely on the coconspirator's statements in calculating Grays' drug-quantity and applying the obstruction enhancement. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (citation omitted).

Along that line, Grays' conclusory constitutional arguments are unpersuasive. *See United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007) (citing *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999) ("[T]here is no Confrontation Clause right at sentencing . . .".)); *United States v. Young*, 981 F.2d 180, 187 (5th Cir. 1992) ("Hearsay is admissible for sentencing purposes, including corroborated out-of-court statements by unidentified [confidential informants], and thus its admission does not violate due process or the right to confrontation.").

Second, the court's relevant-conduct determination was plausible in the light of the record as a whole, including the physical evidence found during the search of the apartment and other reliable evidence that Grays distributed drugs supplied by his roommate. *See* U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Ice*, 471 F. App'x 293, 294 (5th Cir. 2012); *United States v. Giron*, 249 F. App'x 350, 351 (5th Cir. 2007).  Accordingly, the relevant-conduct determination and the resulting drug-quantity calculation were not clearly erroneous. *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001).  In that

regard, the court did give reasons for its relevant-conduct determination, and Grays' challenge—raised for the first time on appeal—to the sufficiency of the court's explanation for that determination fails on plain-error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364–65 (5th Cir. 2009).

Third, the district court did not clearly err in imposing the obstruction enhancement based on Grays' solicitation of help removing guns and drugs from his bedroom following his arrest by state authorities on gun-and-drug charges. *See United States v. Alexander*, 602 F.3d 639, 641–42 (5th Cir. 2010).

AFFIRMED.