United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-41356
Summary Calendar
_____

THOMAS DOUGLAS BOND,

Petitioner - Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:

Thomas Douglas Bond, Texas prisoner # 874938, appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his guilty-plea conviction for burglary. We AFFIRM.

I

Bond pleaded guilty in Texas state court to burglary and was sentenced to 25 years of imprisonment. The trial court had granted Bond permission to appeal two issues: whether the State's identification procedure was valid and whether the court had administered the proper plea admonishments. Bond's conviction was

affirmed on appeal. The Texas Court of Criminal Appeals rejected Bond's petition for discretionary review.

Bond next filed a state habeas corpus petition, asserting, among other grounds, that his guilty plea had been involuntary because his counsel rendered ineffective assistance by purposefully misrepresenting that he could obtain a reversal of Bond's conviction on appeal. The Texas Court of Criminal Appeals denied Bond's petition without a written order.

Bond then filed this federal habeas petition, raising all of the same claims that he had asserted in his state habeas application. Bond alleged that his counsel promised that he would "beat this case" and that, at rearraignment, counsel advised him to answer the trial court's questions regarding any promises in the negative because, otherwise, the trial court would not accept his guilty plea. Bond submitted affidavits of his mother, brother, and his mother's friend, stating that they were present when counsel promised that he could successfully appeal the conviction and obtain a new trial based on the issues reserved for appeal. He argues that he would not have pleaded guilty if counsel had not made these promises.

Bond's counsel did not submit an affidavit to the district court, but he wrote a letter to Bond, stating that he did not guarantee that the appeals court would reverse the conviction.

The district court concluded that Bond's counsel did not promise him a specific substantive benefit such as a downward

departure at sentencing, a lesser sentence, or parole, commutation or pardon after a certain period of incarceration. Accordingly, the district court determined that Bond had not shown that his guilty plea was involuntary due to his counsel's promise that the conviction would be reversed on appeal and that he would get a new trial.

The district court denied relief, but granted a certificate of appealability on the limited issue of whether the statements allegedly made by Bond's counsel rendered Bond's guilty plea involuntary. The court noted that Fifth Circuit precedent had not addressed whether a showing of inducement by counsel to plead guilty extended beyond the guarantee of a lesser sentence or some specific leniency to include, as here, a promise of victory on appeal. The district court and this court denied Bond a COA on the remaining issues.

II

As we have noted, Bond argues that his guilty plea was involuntary because counsel guaranteed that he could successfully appeal the conviction and obtain a new trial, based on the issues reserved for appeal. To prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To obtain federal habeas relief on the basis

of alleged promises, a petitioner must prove that he was promised an "actual sentencing benefit" by showing (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002); see also United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

Bond did not establish that his counsel promised him a specific substantive sentencing benefit, such as "(1) a downward departure at sentencing; (2) a lesser sentence; or (3) parole, commutation or pardon after a certain period of incarceration." See Daniel, 283 F.3d at 704 (footnotes omitted). Bond did not show that his guilty plea was induced by his counsel "clearly and unequivocally guaranteeing a lesser sentence or some other specific leniency." See id. at 703. Therefore, Bond has not established that the state court's denial of relief on this claim was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); see also Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

                              III

For the foregoing reasons, the judgment of the district court is

                                                    AFFIRMED.