**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 25, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-70023

CARL L. BROOKS,

Petitioner-Appellant,

versus

DOUG DRETKE, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
For the Western District of Texas

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:

I

Carl L. Brooks was convicted by a Texas jury of the capital murder of Frank Johnson in the course of a robbery and sentenced to death. The Texas Court of Criminal Appeals affirmed[1] and the Supreme Court denied certiorari.[2] The Texas Court of Criminal Appeals adopted the findings of fact and conclusions of law of the state trial court and denied Brooks's state application for a writ

---

[1] *Brooks v. State*, 990 S.W.2d 278 (Tex. Crim. App. 1999).

[2] *Brooks v. Texas*, 528 U.S. 956 (1999).

of habeas corpus.[3]  Brooks then filed his application for a federal writ under 28 U.S.C. § 2254 on April 4, 2003.  The federal district court judge denied all relief on June 2, 2004[4] and denied a certificate of appealability two weeks later.  Brooks now petitions this court for a certificate of appealability, a prerequisite to an appeal of the denial of relief by the district court.[5]

Brooks asks that we certify six issues:

> 1. Whether the trial court erred in granting the State's challenges for cause against Jurors Jeffrey Chandler and Marina Campos;
>
> 2. Whether Brooks was denied an impartial jury in violation of the Sixth and Fourteenth Amendments of the United States Constitution because the trial court permitted a juror subject to disqualification to sit on the jury and determine his death sentence;
>
> 3. Whether Brooks was denied an impartial jury in violation of the Sixth and Fourteenth Amendments of the United States Constitution because the trial court failed to grant a mistrial although Juror Garcia was subject to disqualification under Articles 35.16(3), 35.19, and 44.6 of the Texas Code of Criminal Procedure and Texas Government Code § 62.102(8);
>
> 4. Whether Brooks was denied an impartial jury in violation of the Sixth and Fourteenth Amendments of the United States Constitution because Juror Garcia was permitted to sit on the jury and determine his death sentence even

---

[3] *Ex Parte Brooks*, No. 45,631-01 (Tex. Crim. App. Sept. 13, 2000) (unpublished).

[4] *Brooks v. Dretke*, No. SA-00-CA-1050-FB (W.D. Tex. Jun. 2, 2004) (unpublished).

[5] *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

2

though Juror Garcia engaged in misconduct and demonstrated a bias and prejudice against Brooks;

5. Whether the trial court erred in allowing the testimony of John Kipling at the punishment phase of trial; and

6. Whether the death penalty was inflicted in violation of the Federal Constitution when Brooks was denied his right to due process and a fair and impartial trial by jury under the Sixth and Fourteenth Amendments to the United States Constitution when the State's witness John Kipling presented testimony at the punishment phase that provided a false impression because Kipling's testimony was racially motivated by the fact that Brooks, a Black, had an intimate relationship with his daughter Stephanie Kipling, a White.

II

We can grant a certificate only if Brooks makes a "substantial showing of the denial of a constitutional right."[6] This in turn requires Brooks to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[7] Finally, in deciding whether Brooks has cleared these hurdles we are to resolve doubts in his favor and be mindful that Brooks seeks review of his death sentence.

III

---

[6] 28 U.S.C. § 2253(c)(2).

[7] *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted).

3

For essentially the reasons stated by the federal trial court we refuse a certificate upon issue number one, sustaining the State's challenges for cause of Jurors Jeffrey Chandler and Marina Campos, and issues five and six challenging the admissibility of the testimony of John Kipling during the sentencing phase of the trial. We are not persuaded that jurists of reason could disagree with the district court's resolution of these issues or could conclude that they are adequate to deserve encouragement to proceed further.

Issues two, three and four are directed at Juror Santiago Alexander Garcia. On the first day of the sentencing phase, Garcia was arrested as he passed through courthouse security with a pistol in his briefcase. He was arrested for a misdemeanor offense of unlawfully carrying a weapon. Released on his personal recognizance he completed his service on the jury. As recounted by the federal district court, the state habeas judge, in findings adopted by the Texas Court of Criminal Appeals, concluded *inter alia* that

> [1] Garcia did not at the punishment phase of [Brooks's] trial in a manner designed to ingratiate himself with prosecutors but, rather, based his vote solely on the evidence, [2] [Brooks] had failed to show bias or impartiality on the part of Garcia, [3] [Brooks] had failed to show Garcia was treated any differently than other persons arrested under similar circumstances, [and] [4] no

4

juror misconduct had occurred . . . .[8]

We are persuaded that these are issues deserving encouragement to proceed further.

The clerk will calendar this case for oral argument with a schedule for any additional briefs on the merits that Brooks or the State may wish to file.

---

[8] *Brooks v. Dretke*, No. SA-00-CA-1050-FB, at *76.