United States Court of Appeals
Fifth Circuit

F I L E D

July 25, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30402
Summary Calendar

_____

CALVIN WALKER,

                                        Petitioner-Appellant,

versus

WARDEN WINN CORRECTIONAL CENTER,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(3:03-CV-740)
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Calvin Walker, Louisiana prisoner #
407257, appeals from the denial of his 28 U.S.C. § 2254 habeas
corpus petition, in which Walker challenged his 1998 guilty-plea
convictions of two counts of burglary and his two consecutive
12-year prison sentences. We granted Walker a certificate of
appealability (COA) on his claims that (1) his guilty plea was
rendered involuntary by his attorney's having allegedly promised
Walker that he would receive a minimal prison sentence and (2) the
trial court violated his due process rights by failing to provide

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him an opportunity to challenge information contained in his presentence report (PSR). In the order granting COA, we emphasized that significant portions of the state-court records appeared to be missing, and directed the parties to brief the "effect of the absence of [those] records in connection with these [two substantive] claims and whether an evidentiary hearing should have been held to remedy this problem." We also directed the parties to address whether Walker's due-process claim was procedurally defaulted. Thereafter, the respondent provided us with all state-court materials that are pertinent to the disposition of this case. In addition, Walker filed a pro se reply brief and a pleading that we interpret as a motion to file the reply brief out of time. We grant that motion.

Federal habeas relief may not be granted on any claim that was "adjudicated on the merits in State court," unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see Williams v. Taylor, 529 U.S. 362, 409 (2000). Walker insists that, prior to his rearraignment, he was told by his attorney that if he pleaded guilty, he would be subject to a sentence of only one to two years in prison. This was based on the attorney's determination that Walker's record of criminal arrests and convictions was "spotless." The PSR, however, reflected that Walker had two prior burglary convictions in other states, which resulted in the trial court's imposition of the more severe

2

sentence.  Federal constitutional law requires that, before it accepts a guilty plea, the trial court must ensure that the defendant "'has a full understanding of what the plea connotes and of its consequence.'"  Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991) (quoting Boykin v. Alabama, 395 U.S. 238, 244 (1969)).  "When a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor . . . breach of that promise taints the voluntariness of his plea."  Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987).  When a defendant can show that the court, the prosecutor, or defendant's counsel induced the guilty plea by "'clearly and unequivocally guaranteeing a lesser sentence or some other specific leniency,'" the defendant may show that his guilty plea was involuntarily entered.  See Bond v. Dretke, 384 F.3d 166, 168 (5th Cir. 2004) (citation omitted); United States v. Amaya, 111 F.3d 386, 388-89 (5th Cir. 1997).

Although Walker has faulted his attorney for allegedly advising him to plead guilty on the ground that his criminal history was "spotless," the transcripts of the hearing on Walker's November 16, 1998 pro se motion to withdraw his guilty plea and his November 18, 1998 sentencing proceeding reflect that Walker himself misled his attorney about his criminal history.  We surmise that Walker hoped that his prior convictions would not be discovered during the presentence investigation, and that he moved to withdraw his plea only after his criminal background was revealed. Moreover, the transcripts of those hearings do not support Walker's allegation that his attorney had "promised" that he would receive

3

a sentence of only one to two years.  Furthermore, Walker's rearraignment transcript reflects that he understood that he faced a prison sentence of up to 24 years.  Finally, Walker acknowledged that he received the benefit of his plea bargain in the State's agreement to consolidate six burglary charges into two counts.  Walker's involuntary-guilty-plea claim is refuted by the record.

Walker's apparently unexhausted due-process claim regarding sentencing should not have been considered procedurally defaulted because the respondent expressly waived a contention that Walker had failed to exhaust state remedies.  See Bledsue v. Johnson, 188 F.3d 250, 254-55 (5th Cir. 1999).  Nonetheless, the newly provided state-court materials reflect that this claim, too, is not supported by the record.  Walker's assertion that he was denied an opportunity to challenge the information in his PSR is contradicted by the transcripts of the November 16 and 18, 1998, proceedings.

For the foregoing reasons, we GRANT Walker's motion to file his reply brief out of time, and we AFFIRM the judgment of the district court.