United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 04-20931

---

ANTHONY RAY GREEN,

Petitioner - Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
(4:04-CV-488)

---

Before JONES, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Anthony Ray Green, Texas prisoner # 1043732, was convicted by
a jury of burglary with intent to commit aggravated assault.  He
filed a 28 U.S.C. § 2254 petition asserting several grounds.  After
the petition was denied, our court granted Green a certificate of
appealability (COA) solely on the issue of whether he was denied

---

[*]Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effective assistance of counsel because of his attorney's failure to challenge specified jurors for bias. (Although Green raises several other claims, we do not have jurisdiction to address them, as the requisite COA was *not* granted on any of them. *See **Lackey v. Johnson***, 116 F.3d 149, 151-52 (5th Cir. 1997).)

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a petitioner is not eligible for habeas relief unless

> the challenged state court proceeding resulted in: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding".

***Schaetzle v. Cockrell***, 343 F.3d 440, 443 (5th Cir.), *cert. denied*, 540 U.S. 1154 (2003) (quoting 28 U.S.C. § 2254(d)).

In state court, to establish a claim for ineffective assistance of counsel (IAC), Green was required to satisfy the two-prong standard set forth in ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). He must demonstrate: his counsel's performance was deficient; and that deficient performance prejudiced his defense. ***Id.***

A juror is biased if his "views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath". ***Soria v. Johnson***, 207 F.3d 232,

2

242 (5th Cir.), *cert. denied*, 530 U.S. 1286 (2000) (quoting *Wainwright v. Witt*, 469 U.S. 412, 424 (1985)). Bias may be either actual or implied.

To demonstrate actual bias, "admission or factual proof" of bias must be presented. *United States v. Bishop*, 264 F.3d 535, 554 (5th Cir.), *cert. denied*, 535 U.S. 1016 (2002). Although six of the jurors indicated during voir dire that either they or relatives had been victims of crimes, including burglaries, each of these jurors stated he or she could be impartial and decide the case on the facts. Concerning actual bias, Green offers no evidence suggesting the jurors' answers were false.

With respect to implied bias, we reject the respondent's contention that, for review under AEDPA, the doctrine of implied bias is *not* clearly established federal law as determined by the Supreme Court. *See* **Brooks v. Dretke**, 444 F.3d 328, 329-30 (5th Cir. 2006). Applying the law as established, Green does *not* present the type of evidence upon which bias may be presumed. *See* **Solis v. Cockrell**, 342 F.3d 392, 396-99 (5th Cir.), *cert. denied*, 540 U.S. 1151 (2004) (discussing limited scenarios in which implied bias might exist and noting the "carefully watched limits" of the doctrine). Unlike other cases in which courts have found bias because a juror failed to disclose he was a victim of a similar crime, the jurors in this case all disclosed their experiences.

3

*See*, *e.g.*, **Dyer v. Calderon**, 151 F.3d 970, 979-82 (9th Cir.), *cert. denied*, 525 U.S. 1033 (1998) (implied bias in murder trial when juror deliberately failed to disclose that her brother had been murdered and that she had been the victim of numerous burglaries and crimes).  There are no additional factors that would suggest these experiences were the type that "would inherently create in a juror a substantial emotional involvement, adversely affecting impartiality".  **Solis**, 342 F.3d at 399 (quoting **United States v. Powell**, 226 F.3d 1181, 1188-89 (10th Cir. 2000)).

Accordingly, viewed in the light of the underlying two-part test for an IAC claim, the district court did *not* err in concluding that, under AEDPA, the state-habeas court's rejection of Green's IAC claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

*AFFIRMED*