# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-30250
Summary Calendar

MARION J BEASON

Petitioner-Appellant

V.

CHARLES C FOTI, JR

Defendant-Appellee

WARDEN WINN CORRECTIONAL CENTER, also known as Tim Wilkerson

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CV-589

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:*

Marion J. Beason, Louisiana prisoner # 275660, appeals from the district court's denial of his 28 U.S.C. § 2254 petition. This court granted a certificate of appealability on the issue whether trial counsel was ineffective with respect to advising Beason about his parole eligibility. Beason argues that the trial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge, trial counsel, and the prosecutor conspired to coerce him to plead guilty and that the trial judge should have recused himself. The court lacks jurisdiction to hear these issues. See § 2253(c)(1)(C); Brooks v. Dretke, 404 F.3d 924, 926 (5th Cir. 2005).

"To prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Bond v. Dretke, 384 F.3d 166, 167-68 (5th Cir. 2004) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

The record contains evidence that counsel did misadvise Beason that his was eligible for parole, when in fact the relevant statutes prohibited parole. Nevertheless, Beason cannot establish prejudice because the guilty plea transcript reflects that the trial judge advised Beason on two occasions that he would not be eligible for parole should he plead guilty. Beason affirmed that he understood the court's admonishments. See United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001). Thus, Beason cannot demonstrate that, but for counsel's error, he would not have pleaded guilty and would have insisted upon going to trial. See Bond, 384 F.3d at 168.

AFFIRMED.