NO. 07-07-0270-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2008
_____

CARL L. BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 175TH DISTRICT COURT OF BEXAR COUNTY;

NO. 1996CR0292; HONORABLE MARY ROMAN, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Carl L. Brooks brings this appeal from the trial court's assessment of an automatic life sentence, founded on the State's waiver of the death penalty following a remand from the federal Fifth Circuit Court of Appeals for a new punishment hearing. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue which could support the appeal, we affirm the trial court's judgment.

By a January 1996 indictment, appellant was charged with capital murder.[1] Following trial, appellant was found guilty and punishment was set at death.[2] On the first day of the sentencing phase, a member of the jury that had convicted appellant was arrested for the misdemeanor offense of unlawfully carrying a weapon.[3] The jury member potentially faced prosecution by the district attorney's office then prosecuting appellant. Appellant sought relief in the Fifth Circuit, contending in part that this jury misconduct tainted the jury's sentencing decision. The Fifth Circuit concluded that while appellant's conviction of capital murder must stand, the sentence of death must be vacated. *Brooks v. Dretke,* 418 F.3d 430 (5th Cir. 2005). The court directed the Western District of Texas to issue a writ of habeas corpus granting appellant partial federal habeas corpus relief in the form of either a new capital sentencing hearing or a sentence of less than death as provided by state law. *Brooks v. Dretke,* 418 F.3d 430, 436 (5th Cir. 2005). On remand, the State waived the death penalty, and the court automatically sentenced appellant to life imprisonment, as this was the only other sentence available. *See* Tex. Code Crim. Proc.

---

[1] *See* Tex. Penal Code Ann. § 19.03 (Vernon 2005 & Supp. 2008).

[2] Appellant's conviction and sentence was affirmed by the Court of Criminal Appeals on direct appeal. *Brooks v. State,* 990 S.W.2d 278 (Tex.Crim.App. 1999). Thereafter, appellant filed a writ of habeas corpus in state court. The trial court recommended that relief be denied and the Court of Criminal Appeals adopted the findings of fact and conclusions of law and denied appellant's state application. *Ex parte Brooks,* No. 45,631-01 (Tex.Crim.App. 2000) (per curiam order) (unpublished). Appellant also filed a federal writ that was denied on June 2, 2004. *Brooks v. Dretke,* No. SA-00-CA-1050-FB, 2004 WL 3728566 (W.D. Tex. Jun. 2, 2004) (unpublished). A certificate of appealability was later granted only upon the claim that the verdict of the jury in the sentencing phase was tainted by the arrest of a jury member. *Brooks v. Dretke,* 404 F.3d 924 (5th Cir. 2005).

[3] *See* Tex. Penal Code Ann. § 46.02 (Vernon 2003 & Supp. 2007) and 46.03 (Vernon 2003 & Supp. 2008). A loaded pistol was found in the jury member's briefcase during the routine screening of a security checkpoint in the courthouse.

Ann. art. 37.071 (Vernon 2006). It is this proceeding that is at issue in the appeal before us.

Appellant's appointed counsel on appeal has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she certifies that she has carefully reviewed the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. Counsel's brief provides a detailed account of the procedural history of this case and contains a recitation of the facts relevant to this appeal. Counsel identifies one potential appellate issue, but discusses the applicable law and concludes the issue does not involve an arguably meritorious argument that can be made in good faith. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. The Court on its own motion later extended the due date for appellant's *pro se* response to February 28, 2008. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court

3

determines the appeal has merit, we must remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Counsel notes the possibility of error with regard to trial counsel's performance during the punishment hearing held in response to the Fifth Circuit's remand. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). We agree with counsel that no arguably meritorious issue is raised on this point.

Our review convinces us that appellate counsel conducted a thorough and complete analysis of the record. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d (1988); *Stafford*, 813 S.W.2d at 511. We agree with counsel it presents no arguably meritorious issue which would support an appeal. Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.