# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-10290
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL LEE SAMANIEGO

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CR-54-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Lee Samaniego pleaded guilty pursuant to a written plea agreement to (1) possession with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine and (2) possession with intent to distribute less than 50 grams of a mixture and substance containing a detectable amount of marijuana. The district court sentenced Samaniego to 300 months in prison. Samaniego appeals, asserting that the district court erred in denying his motion to withdraw his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the denial of a motion to withdraw a plea for abuse of discretion. United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing the "fair and just reason" for withdrawal. Id. at 370. In determining whether the defendant has met this standard, we review seven factors: (1) whether the defendant has asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the withdrawal motion, (4) whether withdrawal would inconvenience the court, (5) whether close assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984)). In applying these factors, we consider the totality of the circumstances. Id. at 344.

Samaniego has not shown that the district court abused its discretion in denying his motion to withdraw. Samaniego did not assert his innocence, but merely objected to the quantity of drugs attributed to him for sentencing purposes. Samaniego has failed to show that he did not receive close assistance of counsel in connection with his guilty plea, and the record shows that his plea was knowing and voluntary. Lastly, he did not promptly request that he be allowed to withdraw his plea. Because Samaniego has not met his burden of establishing a fair and just reason for withdrawing his guilty plea, the district court did not abuse its discretion in denying Samaniego's motion to withdraw without conducting an evidentiary hearing. Powell, 354 F.3d at 370.

AFFIRMED.