# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2012

Lyle W. Cayce
Clerk

No. 11-11016
Summary Calendar

TERRY GENE FREEMAN,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-176

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Terry Gene Freeman, Texas prisoner # 1174333, was convicted in 2003 of aggravated sexual assault of a child under the age of 14 years old and was sentenced to life in prison. *Freeman v. State*, 168 S.W.3d 888 (Tex. App. 2005) (affirming conviction).

The district court entered judgment dismissing Freeman's application for a writ of habeas corpus. We previously granted Freeman a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability (COA) as to whether the district court erred in (1) determining that his claims of juror bias were unexhausted; and (2) reaching and dismissing his claims that his Sixth and Fourteenth Amendment right to trial by an impartial jury were denied because two jurors were actually or impliedly biased by reason of their prior service on the grand jury that had indicted Freeman's wife for failing to protect her daughter from him.[1] *Freeman v. Thaler*, No. 11-11016 (5th Cir. May 1, 2012) (unpublished; single-judge order).

We have pretermitted consideration of the first issue but address de novo the merits of Freeman's claims of juror bias. *See Graham v. Johnson*, 168 F.3d 762, 778 (5th Cir. 1999) ("[B]ecause exhaustion is based on comity rather than jurisdiction, there is no absolute bar to federal consideration of unexhausted habeas applications."). In reviewing a district court's denial of a state prisoner's application for a writ of habeas corpus, we review that court's factual findings for clear error and its conclusions of law de novo. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

The Sixth and Fourteenth Amendments guarantee a defendant the right to an impartial jury. *King v. Lynaugh*, 850 F.2d 1055, 1058 (5th Cir. 1988). When determining if a constitutional violation exists, the pertinent inquiry is whether the jurors who actually sat were impartial, as required by the Sixth Amendment. *Ross v. Oklahoma*, 487 U.S. 81, 86 (1988). The standard for determining if a juror was biased is whether the juror's views would prevent or substantially impair the performance of his duties. *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000). Bias may be actual or implied: It may be revealed through express admission or by proof of specific facts showing such a close

---

[1] Freeman contends that the district court should have convened an evidentiary hearing. As COA was not granted as to this question, we court lack jurisdiction to consider it. *See Sonnier v. Johnson*, 161 F.3d 941, 945-46 (5th Cir. 1998); *Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

connection to the circumstances at hand that bias must be presumed as a matter of law. *Brooks v. Dretke*, 444 F.3d 328, 329-30 (5th Cir. 2006).

The record does not support Freeman's contention that the two jurors in question were actually biased. *See Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000). We will find implicit bias as a matter of law only in extreme situations when "no reasonable person could not be affected in his actions as a juror and in which the Constitution refuses to accept any assurances to the contrary." *Brooks*, 444 F.3d at 331; *see also United States v. Solis*, 342 F.3d 392, 396 (5th Cir. 2003). We will "not readily presume that a juror is biased solely on the basis that he or she has been exposed to prejudicial information about the defendant outside the courtroom." *Willie v. Maggio*, 737 F.2d 1372, 1379 (5th Cir. 1984).

In this case, the two jurors' alleged grand jury service, if it occurred at all, was not proximate in time to Freeman's trial. *See United States v. Brown*, 699 F.2d 704, 707-08 (5th Cir. 1983). There is no evidence that either of these two jurors had a close relationship with any of the primary actors in Freeman's case; neither is there any reason to believe that they had a substantial emotional involvement with the case that would overcome the legal presumption of their impartiality. *See Solis*, 342 F.3d at 398-99; *see also Brooks*, 444 F.3d at 330; *Andrews v. Collins*, 21 F.3d 612, 620-21 (5th Cir. 1994). The district court's judgment of dismissal is

AFFIRMED.