# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2013

Lyle W. Cayce
Clerk

No. 11-11059

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL LEE SAMANIEGO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:09-CV-101

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Michael Lee Samaniego appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Because we cannot conclusively determine that Samaniego is not entitled to relief based on the existing record, we vacate the district court's judgment denying Samaniego's § 2255 motion and remand for an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11059

I.

In 2007, Samaniego pleaded guilty to a two-count superseding information pursuant to a written plea agreement. The first count charged Samaniego with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) ("Count one"), and the second count charged him with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) ("Count two"). These charges were based on incidents that occurred on January 25, 2007 and March 3, 2007 in San Angelo, Texas.

On January 25, 2007, San Angelo police officers stopped Samaniego while he was driving and arrested him for outstanding warrants and driving without a valid license. While searching his vehicle, officers discovered a backpack containing plastic bags, digital scales, a police scanner, and 4.5 ounces of marijuana. This incident was the basis for Count two of the superseding information.

On March 3, 2007, San Angelo police officers conducted a traffic stop on a vehicle in which Samaniego was a passenger. One of the officers noticed a plastic bag containing a crystalline substance on the floorboard of the backseat, which was directly in front of where Samaniego was sitting. A search of the vehicle revealed digital scales, plastic bags, and 202 grams of methamphetamine. Samaniego was arrested and taken to the San Angelo police station. Samaniego's factual resume states that once there, San Angelo police officers "informed Samaniego of his constitutional rights and he agreed to waive those rights and speak with the officers." Samaniego admitted that the methamphetamine in the vehicle was his. According to Samaniego's presentence investigation report ("PSR"), Samaniego went on to provide the officers with a detailed confession of his drug distribution activities since 2005. The March 3, 2007 incident served as the basis for Count one of the superseding information.

No. 11-11059

Samaniego's sentencing hearing was held on March 21, 2008. Relying on his March 3, 2007 confession, the PSR held Samaniego accountable for 166.47 kilograms of methamphetamine and 1.11 kilograms of marijuana, which gave him a base offense level of 38. The PSR added two levels because Samaniego imported drugs from Mexico and four additional levels because he was a leader or organizer in a criminal activity involving five or more participants. After subtracting three levels for acceptance of responsibility, Samaniego's total offense level was 41. That offense level combined with a criminal history category of I produced a guidelines range of 324 to 405 months. However, the statutory maximum sentence for Count 1 was 240 months and for Count 2 was 60 months, for a maximum possible sentence of 300 months. Therefore, the PSR adopted 300 months as Samaniego's guidelines range. On March 21, 2008, the district court sentenced Samaniego to the statutory maximum 300 months of imprisonment. Samaniego appealed to this court and his conviction was affirmed. *See United States v. Samaniego*, 303 F. App'x 178 (5th Cir. 2008).

On December 10, 2009 Samaniego, proceeding pro se, filed a sworn § 2255 motion in the district court arguing, among other things, that his lawyer was constitutionally ineffective because he failed to file a motion to suppress his March 3, 2007 confession. He alleged that before he pleaded guilty he told his lawyer that when he was arrested on March 3, 2007 he "invoked his right to counsel and was denied." He also alleged that he informed the police officers who interviewed him that he was "High as a kite" and that "he had been up for two weeks without sleep and therefore did not understand the nature of the Statement [the] Police Officers coerced him to sign." He asserted that the police officers "induced [him] to sign the Statement by falsely promising . . . he would receive leniency" and that the officers further coerced him by threatening to have his "two young children placed into State Custody." Samaniego further alleged that the officers "threatened and coerced [him] into signing the Statement by

3

No. 11-11059

telling [him] that Officers would make a record of [his] refusal to sign and that this might result in [him] receiving harsher punishment and treatment."

The Government filed a response and Samaniego filed a reply. On September 27, 2011 the district court entered an opinion denying Samaniego's § 2255 motion. With respect to Samaniego's claim that his counsel was ineffective for failing to file a motion to suppress, the district court stated only that "failing to file a frivolous motion or make a frivolous objection 'does not cause counsel's performance to fall below an objective level of reasonableness.'" Samaniego's former trial counsel did not file a response to the § 2255 motion and the court did not hold an evidentiary hearing.

Samaniego appealed pro se and moved for a certificate of appealability ("COA"). This court granted a COA "on the question whether the district court erred in determining that Samaniego was not denied effective assistance by counsel's failure to file a motion to suppress where the district court did not explicitly address Samaniego's sworn assertions in his § 2255 motion that his statement was uncounseled and coerced and where the record gives no indication of counsel's reasons for not filing such a motion."

## II.

On appeal, Samaniego argues that the district court erred by failing to hold an evidentiary hearing and by denying his ineffective assistance of counsel claim based on his lawyer's failure to file a motion to suppress.[1] In an appeal from the denial of a § 2255 motion, "this court reviews a district court's factual findings for clear error and its legal conclusions *de novo.*" *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). We review the district court's decision not to

---

[1] Samaniego also moves this court "to expand the COA already issued in this cause, to include all of the ineffective assistance of counsel claims presented in the Motion for Certificate of Appealability." However, Samaniego provides no explanation as to why the COA issued by the court should be expanded. That argument is therefore waived. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

grant an evidentiary hearing for abuse of discretion. *Id.*; *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

When a defendant enters a voluntary guilty plea, all nonjurisdictional defects in the proceedings are waived, including ineffective assistance of counsel, "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). To establish that his counsel was constitutionally ineffective, Samaniego must show that: (1) his counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish that his counsel's performance was deficient, Samaniego must show that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. "In order '[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Cavitt*, 550 F.3d at 441 (quoting *Bond v. Dretke*, 384 F.3d 166, 167–68 (5th Cir. 2004)). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

As noted above, Samaniego's sworn § 2255 motion alleges that his March 3, 2007 confession was coerced and that before pleading guilty he told his lawyer that the interviewing officers denied his request to speak to an attorney in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Samaniego argues that there was no legitimate strategic reason for failing to file a motion to suppress and that by not doing so, his counsel's performance was objectively

unreasonable. Samaniego contends that the March 3, 2007 statements to police were critical to the Government's case against him and that had a motion to suppress been filed, there is a reasonable probability that he would have proceeded to trial instead of pleading guilty. Samaniego further argues that, given the lack of any response to his § 2255 motion from his trial counsel, his sworn allegations are unrefuted and the district court erred by not granting an evidentiary hearing because the record does not conclusively show that he is not entitled to relief.

The Government argues that Samaniego's "unsupported, self-serving, and after-the-fact claims" of a coerced confession are insufficient to overcome the presumption that his counsel performed reasonably. It notes that before his attorney negotiated a plea agreement, Samaniego was facing the possibility of life imprisonment. With the plea agreement negotiated by counsel, however, Samaniego's punishment exposure was reduced to 300 months. The Government contends that Samaniego's counsel "acted reasonably and with sound professional judgment in negotiating a very favorable plea agreement instead of filing a meritless motion to suppress." The Government also notes that the factual resume accompanying Samaniego's guilty plea states that when he was arrested on March 3, 2007, San Angelo police officers "informed Samaniego of his constitutional rights and he agreed to waive those rights and speak with the officers." It argues that statements made in plea documents carry a strong presumption of veracity and that the statement in Samaniego's factual resume belies the claims in his § 2255 motion that his confession was coerced.

When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the

motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). In denying Samaniego's § 2255 ineffective assistance claim, the district court found that filing a motion to suppress would have been frivolous and that counsel's performance was therefore not deficient. The court's determination, however, was not adequately supported by the record. Given the lack of any factual findings at an evidentiary hearing, or a response from Samaniego's trial attorney, there is nothing in the record showing counsel's reasons for not filing a motion to suppress or whether his performance was constitutionally deficient for failing to do so. *Cf. United States v. Maria-Martinez*, 143 F.3d 914, 916 (5th Cir. 1998) ("We have held that a claim of ineffective assistance based on a failure to file a motion to suppress cannot be reviewed without testimony as to the reasons behind failing to file the motion."). As such, the record simply was not sufficiently developed for the district court to evaluate Samaniego's claim, and this court is similarly unable to evaluate Samaniego's claim. Indeed, with the current record, this court is essentially in the same position it would have been in had Samaniego raised this claim on direct appeal. *See id.* ("We do not typically review claims of ineffective assistance on direct appeal, because the record is rarely sufficiently developed on the issue of counsel's competence.").

While there is obvious tension between Samaniego's factual resume and the allegations in his § 2255 motion, the statements are not inherently inconsistent from a factual perspective.[2] And given the lack of an evidentiary hearing or any response from Samaniego's counsel, that tension alone is not sufficient for us to "conclusively" determine that Samaniego is not entitled to

---

[2] For example, Samaniego's factual resume states that the "officers informed [him] of his constitutional rights and he agreed to waive those rights and speak with the officers." In his sworn § 2255 motion, Samaniego alleges that he requested an attorney and his request was denied. It is at least possible that Samaniego was informed of his rights, requested a lawyer and was denied, and then agreed to waive his rights and speak with the officers.

No. 11-11059

relief. *See* 28 U.S.C. § 2255(b). Because the record was not sufficiently developed for the district court to conclusively determine that Samaniego is not entitled to relief, the district court abused its discretion by failing to grant an evidentiary hearing. *See Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979) (explaining that § 2255 "commands the District Courts to grant a prompt hearing on all motions brought pursuant to it [u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." (internal quotation marks omitted)).

## III.

For the foregoing reasons, we VACATE the district court's judgment denying Samaniego's § 2255 motion and REMAND for an evidentiary hearing. Samaniego's motion to expand the COA is DENIED.