# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTIAGO VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-868
USDC No. 4:11-CR-65-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Santiago Valdez appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction for conspiracy to distribute a controlled substance and his resulting 360-month sentence. Valdez obtained a certificate of appealability (COA) from this court authorizing him to appeal the issues whether the district court erred in dismissing without an evidentiary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing Valdez's claims that counsel rendered ineffective assistance (1) by failing to "adequately counsel [Valdez] on the relevant law to the sentence he was likely to receive," and (2) by "promising him a sentence that he was not likely to receive."

We review the district court's factual findings for clear error and legal conclusions de novo. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To prove that his counsel was ineffective, Valdez must show that counsel's performance was deficient and that his deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Valdez's claim that counsel failed to explain the application of the Sentencing Guidelines, including that he could be sentenced as a career offender, is unavailing. Specifically, regardless whether counsel failed to advise Valdez of his true sentencing exposure, the record reflects that Valdez understood that he faced a potential maximum sentence of 40 years when he entered his guilty plea. Thus, he understood the consequences of pleading guilty. *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).

In addition, even if counsel's explanation of the Guidelines was deficient, Valdez has not shown prejudice because he has not shown that there is a reasonable probability that, but for counsel's alleged error, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In that regard, by pleading guilty, Valdez received a three-level reduction for acceptance of responsibility that he would not have received if he had proceeded to trial, Valdez admitted the facts contained in the factual resume, and the case against him was strong. *See Armstead v. Scott*, 37 F.3d 202, 210-11 (5th Cir. 1994).

Valdez's claim that counsel promised that he would receive a 10-year sentence if he cooperated with the Government is likewise unavailing. In the district court, Valdez did not present any independent indicia of the likely

merit of his allegations because he did not present affidavits from reliable third parties establishing the terms of the alleged promise, the time and place of the promise, or the identity of any eyewitnesses to the promise. *See Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  The affidavit executed by his sister provided no support as it lacked in specificity and facts; therefore, it did not establish that counsel clearly and unequivocally promised that Valdez would receive a 10-year sentence if he cooperated.  *See Bond*, 384 F.3d at 168.  In addition, Valdez's sworn declaration at rearraignment that no one made any promises to him in exchange for his guilty plea is afforded a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Finally, as explained above, Valdez cannot establish that he would not have pleaded guilty and instead would have insisted on going to trial.  *See Bond*, 384 F.3d at 168.

The evidence presented by Valdez is inconsistent with the bulk of his conduct, including his presumptively truthful testimony at rearraignment, which clearly refutes Valdez's allegation that counsel promised him a 10-year sentence.  Such inconsistency is further underscored by the fact that at sentencing Valdez did not dispute the guidelines range or the application of the career offender enhancement, nor did he dispute counsel's statement that he had reviewed the presentence report with Valdez.  After the court imposed a 360-month sentence, Valdez did not alert the court that he was allegedly promised a 10-year sentence, and he did not move to withdraw his guilty plea on that basis.  Consequently, Valdez has not shown that the district court erred in rejecting his claims without an evidentiary hearing.  *See Cervantes*, 132 F.3d at 1110.

Valdez also argues that counsel was ineffective for failing to secure a plea agreement with the Government, for failing to inform the district court that he

had cooperated with the Government, and for allowing the Government to sentence him based on self-incriminating statements in violation of the cooperation agreement. Our review is limited to issues for which a COA has been granted. *See* 28 U.S.C. § 2253(c). The foregoing issues are uncertified and therefore cannot be considered.

Accordingly, the district court's judgment is AFFIRMED. Valdez's motion for the appointment of counsel is DENIED.