# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2022

Lyle W. Cayce
Clerk

No. 19-11196
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAMEYON ANTOINE NEWTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-356
USDC No. 4:16-CR-60-1

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.
PER CURIAM:*

Dameyon Antoine Newton, federal prisoner # 11568-078 and proceeding *pro se*, contests the district court's denying his 28 U.S.C. § 2255 motion challenging his conviction of conspiracy to possess, with intent to distribute, cocaine, in violation of 21 U.S.C. § 846. Our court granted a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

certificate of appealability (COA) on two of the six issues raised in the § 2255 motion:  whether Newton's former counsel was ineffective for failing to move to (1) suppress his post-arrest statements on the claim that Newton was twice denied requests to speak with counsel; and (2) suppress his post-arrest statements on the claim that law enforcement officers intimidated and coerced him.  (The district court concluded: Newton waived these two claims by pleading guilty; and his plea was voluntary.)  Additionally, Newton claims the court erred in denying his § 2255 motion without holding an evidentiary hearing.  (As addressed in the order granting the COA, this claim does not require a COA.  *E.g.*, *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).)

The decision to deny Newton's § 2255 motion without an evidentiary hearing is reviewed for abuse-of-discretion.  *E.g.*, *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008).  As discussed *infra*, the record was adequately developed, including Newton's "solemn declarations in open court"; the record supported the determination his plea was voluntary; and Newton failed to show the likely merit of his claims.  Therefore, the court did not abuse its discretion in denying the motion without holding an evidentiary hearing.  *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (citation omitted); *e.g.*, *Cavitt*, 550 F.3d at 442 (record not sufficiently developed to overcome petitioner's showing of indicia of likely merit of his action); *United States v. Samaniego*, 532 F. App'x 531, 535–36 (5th Cir. 2013) (record not sufficiently developed due to, *inter alia*, lack of statement by counsel for decision).

For the two claims permitted by the COA, our court reviews the district court's factual findings for clear error; its legal conclusions, *de novo*. *E.g.*, *Cavitt*, 550 F.3d at 435.  Claims of ineffective assistance of counsel (IAC) are reviewed *de novo*. *E.g.*, *United States v. Scott*, 11 F.4th 364, 368 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 827 (2022).  Generally, once a valid guilty

plea has been entered, "all non-jurisdictional defects in the proceedings are waived", including IAC claims, unless, of course, the ineffectiveness relates to the voluntariness of the plea. *E.g.*, *Cavitt*, 550 F.3d at 441 (citation omitted).

To prevail on his IAC claims, Newton must demonstrate: counsel's performance "fell below an objective standard of reasonableness"; and he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Regarding the first prong, there is a strong presumption that: counsel rendered adequate assistance; and the challenged action might be sound trial strategy. *E.g.*, *id.* at 689. If Newton satisfies the first prong, he must establish prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty". *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation omitted). Along that line, the Court has clarified "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies". *Id.* at 1967. Courts "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences". *Id.*

Newton has not shown objectively unreasonable assistance or prejudice. Even without his post-arrest statements, the Government accumulated substantial evidence against him. And, his *post hoc* assertions he was denied counsel and his statements coerced are contradicted by the post-arrest reports. Moreover, through correspondence he told counsel he gave officers false information following his arrest. By affidavit, counsel attested: he conducted an independent investigation and concluded Newton's post-arrest statements were voluntary; he discussed with Newton the possibility of a motion to suppress the statements; and Newton insisted on avoiding a trial. *Cf. Cavitt*, 550 F.3d at 441 (stating evidence did not support counsel's guilty-plea recommendation was strategic and informed based, in part, on

absence of "sworn record testimony from counsel explaining the strategy behind his decision").

By entering a guilty plea, Newton would:  increase his chances for a more lenient sentence; and alleviate the risk of facing additional counts and charges.  *E.g.*, *Young v. Spinner*, 873 F.3d 282, 287–88 (5th Cir. 2017).  The contemplated motion to suppress was unsupported by the record and would have relied principally on Newton's credibility as a witness and attestation of the facts, which counsel had reason to doubt.  *Cf. Cavitt*, 550 F.3d at 440 (motion to suppress had an "appreciable chance of success").  Further, Newton fails to show exclusion of his statements would have a significant impact on the outcome at trial.  Accordingly, he has failed to overcome the strong presumption counsel's decision to recommend a guilty plea was strategic and reasonable.

Even assuming Newton could establish the first prong for his IAC claims, he has failed to prove prejudice through showing a reasonable probability he would not have pleaded guilty but for counsel's errors.  *E.g.*, *Lee*, 137 S. Ct. at 1965.  From the time of arrest throughout most of the criminal proceedings, his actions and correspondence overwhelmingly show his desire to cooperate in hopes of a lenient sentence.  Prior to formally entering his plea, he admitted under oath:  he was aware of, and understood, the elements of the offense charged and possible sentence; he knowingly and voluntarily wished to plead guilty; he was satisfied with counsel's representation; and his plea was not influenced by any deal, understanding, promise, or other agreement with the Government.  These "solemn declarations in open court carry a strong presumption of verity".  *McKnight*, 570 F.3d at 649 (citation omitted).  Only after seeing the Presentence Investigation Report did Newton develop reservations.

After moving to withdraw his plea, he admitted in court the allegations supporting his motion to withdraw were false. Consequently, his *post hoc* assertions he would have insisted on going to trial if properly advised about a possible motion to suppress lack "contemporaneous backing". *Young*, 873 F.3d at 287; *e.g.*, *Lee*, 137 S. Ct. at 1967. As in *Young*, Newton "had only one major interest: minimizing his sentence"; and he cannot rely on hindsight to challenge his plea when unsatisfied with the resulting sentence. *Young*, 873 F.3d at 288. Again, he fails to show a reasonable probability he would not have entered his plea but for the alleged error by counsel.

AFFIRMED.